NOT DESIGNATED FOR PUBLICATION

No. 128,451

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

KEVIN L. FROST,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; PHILLIP JOURNEY, judge. Submitted without oral argument. Opinion filed July 31, 2026. Affirmed.

*Wendie C. Miller*, of Kechi, for appellant.

*Robin L. Sommer*, assistant district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before ARNOLD-BURGER, P.J., MALONE and PICKERING, JJ.

PER CURIAM: Kevin L. Frost pled guilty in 2011 to one count of aggravated indecent liberties with a child for which the district court sentenced him to a hard-25 life prison term. Over the years, Frost has sought postconviction relief in various forms. This appeal follows the district court's denial of Frost's motion to correct illegal sentence where he primarily claimed the sentencing court failed to properly apply K.S.A. 2010 Supp. 21-4643(d) in denying his motion for a departure sentence. The district court summarily denied Frost's most recent motion as barred by the doctrine of res judicata. After thoroughly reviewing the record, we affirm the district court's judgment.

1

FACTUAL AND PROCEDURAL BACKGROUND

In February 2011, Frost pled guilty to one count of aggravated indecent liberties with a child, an off-grid person felony carrying a hard-25 life sentence with lifetime postrelease supervision under K.S.A. 2010 Supp. 21-4643(d), commonly known as Jessica's Law. Frost moved for a durational departure onto the sentencing guidelines grid based on his minimal criminal history, which included a single felony conviction of driving under the influence, and because he took responsibility for his actions by agreeing to plead guilty, in part to reduce the stress on the victim. At sentencing, the district court heard argument from Frost consistent with his motion. The State recommended life imprisonment without parole for 25 years and offered a brief statement from the victim's mother that Frost was a family friend and had violated the family's trust. The district judge addressed sentencing and the departure motion at the same time and found in part:

> "I find the primary crime that controls the base sentence to be Count 1. It is an off grid felony, that is a person felony. Specifically regarding the applicable section of the statute for which the defendant was convicted, K.S.A. 21-3504, subsection (a)(3)(A) I arrive at this decision. I have considered the arguments of counsel regarding the motion for departure, the reiteration of the victim's desire, the victim's family's desires in making this decision.
>
> "I'm sure that everyone in the courtroom can tell that of all the matters I have to resolve or dispose of in my time on the bench, I've taken a substantial amount of consideration, and while there are compelling reasons for the arguments made on both sides, I'm still faced with the severity level of this crime and the reality that the victim of this crime will in all likelihood have to live with this for her natural life.
>
> "It is with some reluctance because of the issues of proportionality that I'm going to deny the motion for departure. I can't say that this is not a decision that has weighed upon me for some time since this case was assigned to me subsequent to plea. And while the defendant has taken positive steps in accepting responsibility limiting the victim's stress that would have been incurred through exercising his right to a trial and other hearings that does not diminish the nature of this crime or its likely effect on the victim."

Frost appealed his sentence and claimed that his hard-25 life sentence constituted cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution. This court rejected Frost's claim and affirmed his sentence in *State v. Frost*, 48 Kan. App. 2d 332, 342, 288 P.3d 151 (2012) (*Frost I*).

In June 2013, Frost moved for a "Correction of Sentence" and argued that the district court did not comply with K.S.A. 2010 Supp. 21-4643(d) for granting a departure sentence under Jessica's Law. Frost argued that the district court erred by not reviewing mitigating circumstances, which meant the district court failed to adhere to the two-step framework of reviewing mitigating factors and then considering whether substantial and compelling reasons to support a departure exist. The district court summarily denied the motion, finding that Frost was not entitled to relief and that the motion failed to state a claim or seek relief that the district court could grant. Frost did not appeal that decision.

In October 2018, Frost filed a petition for relief under K.S.A. 60-1507, claiming the sentencing court, "did not comply with the provisions of K.S.A. 21-4643 by not following the proper statutory procedure when considering his Motion for Departure when the court weighed aggravating factors versus mitigating factors." He also claimed, "the sentencing court failed to follow the proper procedure in making its decision to deny the Petitioner's Motion for Departure." The district court summarily denied Frost's petition as untimely and successive.

On appeal, Frost argued that this court should construe his petition as a motion to correct illegal sentence rather than as a petition seeking relief under K.S.A. 60-1507. *Frost v. State*, No. 121,031, 2020 WL 2296948, at *4 (Kan. App. 2020) (unpublished opinion) (*Frost II*). This court did so and found that Frost's claim was "generally . . . the same issue" he raised in 2013 when he argued that the district court misapplied K.S.A. 2010 Supp. 21-4643(d) in denying his departure motion. 2020 WL 2296948, at *3. This court found that Frost was trying to resurrect a claim already adjudicated and concluded it

3

was barred by the doctrine of res judicata. 2020 WL 2296948, at *4. Our Supreme Court denied Frost's petition for review. 312 Kan. 891 (2021).

On May 17, 2023, Frost moved to correct illegal sentence, which is the subject of this appeal. Frost again claimed the district court erred in denying his motion for a departure sentence when it did not comply with K.S.A. 2010 Supp. 21-4643(d), mainly because it improperly weighed aggravating factors against mitigating factors. The State responded that Frost's claim had already been raised and adjudicated and was barred by res judicata. The district court summarily denied the motion with a minutes/order, finding in brief but pertinent part that "[K.S.A.] 21-4643(d) is again the issue in this case as in the motions in the past. Taking Judicial Notice of the Court file [and] determines that [Frost's] current claim is not materially different from his previous claims [and] [t]herefore are barred." Frost timely appealed the district court's order.

ANALYSIS

Frost's only claim on appeal is that the district court erred in denying his motion to correct illegal sentence. Frost reprises his argument that his sentencing court did not comply with the provisions of K.S.A. 2010 Supp. 21-4643(d) in denying his departure motion because it weighed aggravating factors against mitigating factors. The State mainly argues the district court was correct in summarily denying Frost's third postconviction motion alleging the sentencing court misapplied K.S.A. 2010 Supp. 21-4643(d) because the motion was barred by the doctrine of res judicata.

A district court may summarily deny a motion to correct illegal sentence if the motion, files, and records of the case conclusively show the movant is entitled to no relief. *State v. Gray*, 303 Kan. 1011, 1013, 368 P.3d 1113 (2016). When a district court summarily denies a motion to correct illegal sentence, the appellate court applies a de

novo standard of review because it has the same access to the motion, records, and files as the district court. *State v. Mitchell*, 315 Kan. 156, 158, 505 P.3d 739 (2022).

At the time of Frost's offense, K.S.A. 2010 Supp. 21-4643(d), now codified at K.S.A. 21-6627(d), provided the statutory framework for the grant or denial of departure sentences in Jessica's Law cases. K.S.A. 2010 Supp. 21-4643(d) stated:

"On or after July 1, 2006, for a first time conviction of an offense listed in paragraph (a)(1), the sentencing judge shall impose the mandatory minimum term of imprisonment provided by subsection (a), unless the judge finds substantial and compelling reasons, following a review of mitigating circumstances, to impose a departure. If the sentencing judge departs from such mandatory minimum term of imprisonment, the judge shall state on the record at the time of sentencing the substantial and compelling reasons for the departure. The departure sentence shall be the sentence pursuant to the sentencing guidelines act, K.S.A. 21-4701 et seq., and amendments thereto, and, subject to the provisions of K.S.A. 21-4719, and amendments thereto, no sentence of a mandatory minimum term of imprisonment shall be imposed hereunder."

The Kansas Supreme Court has interpreted that provision to prohibit the weighing of aggravating factors against mitigating factors and has clarified that the statute requires the district court to "review the mitigating circumstances without any attempt to weigh them against any aggravating circumstances." *State v. Jolly*, 301 Kan. 313, 324, 342 P.3d 935 (2015). Then, in considering the facts of the case, "the court determines whether the mitigating circumstances rise to the level of substantial and compelling reasons to depart from the otherwise mandatory sentence." 313 Kan. at 324.

But in *State v. Powell*, 308 Kan. 895, 911-912, 918, 425 P.3d 309 (2018), our Supreme Court held that a sentencing court is not required to affirmatively state it did not weigh aggravating and mitigating circumstances when denying a departure motion under Jessica's Law. Our Supreme Court clarified that a sentencing judge may consider any

evidence that might reasonably bear on the proper sentence for a particular defendant in deciding whether there are substantial and compelling reasons to depart from a hard-25 life sentence under Jessica's Law. 308 Kan. at 912-18.

The district court summarily dismissed Frost's current motion under the doctrine of res judicata. The doctrine of res judicata acts as a procedural bar when the following elements are satisfied: (1) the same claim; (2) the same parties; (3) the claims were or could have been raised; and (4) there was a final judgment on the merits. *State v. Bailey*, 315 Kan. 794, 799-800, 510 P.3d 1160 (2022). The Supreme Court of Kansas has recognized a limited exception to the doctrine of res judicata as it applies to a motion to correct illegal sentence. Because courts may correct an illegal sentence at any time, "serial motions to correct an illegal sentence can be filed and the failure to raise an issue in the first such motion is not a bar to appellate review." *State v. Hayes*, 312 Kan. 865, 867, 481 P.3d 1205 (2021). Put another way, res judicata may bar a claim raised in a motion to correct illegal sentence only if the claim has actually been raised and ruled on in the past. See *State v. Moncla*, 317 Kan. 413, 415-17, 531 P.3d 528 (2023) (finding successive a motion to correct illegal sentence raising a claim already raised and ruled on).

A panel of this court has already ruled that Frost's illegal sentence claim is barred by the doctrine of res judicata in *Frost II*. In that case, Frost asked this court to construe his petition seeking relief under K.S.A. 60-1507 as a motion to correct illegal sentence, and we did so. Frost made the same argument in that case he primarily makes now—that the district court erred by considering aggravating factors against mitigating factors. This court found that Frost's claim was "generally . . . the same issue" he raised in 2013 when he argued that the district court misapplied K.S.A. 2010 Supp. 21-4643(d) in denying his departure motion. *Frost II*, 2020 WL 2296948, at *3. This court found that Frost was trying to resurrect a claim already adjudicated and concluded it was barred by the doctrine of res judicata. 2020 WL 2296948, at *4. The Supreme Court denied review.

6

Relying in part on *Hayes*, Frost argues that the claim he made in 2013 that was never appealed differs slightly from the claim he is making now and in his previous appeal in *Frost II*. But even if that assertion may be true, we observe that the claim Frost is making now is identical to the claim he made in 2018, which was found to be barred by the doctrine of res judicata in *Frost II*. To emphasize the point, Frost argued in his 2018 petition for relief under K.S.A. 60-1507 that "[t]he trial court did not comply with the provisions of K.S.A. 21-4643 by not following the proper statutory procedure when considering his Motion for Departure *when the court weighed aggravating factors versus mitigating factors*." (Emphasis added.) Frost's current motion to correct illegal sentence being reviewed now argues that "the Court failed to follow the proper statutory method under K.S.A. 21-4643 when considering a downward departure, when the court weighed aggravating factors against mitigating factors." Even though Frost's 2018 claim already was found to be barred by res judicata, he is making the identical claim now.

Frost cannot avoid the fact that each postconviction claim he has brought has been premised on the same argument: that his sentencing court misapplied K.S.A. 2010 Supp. 21-4643(d) in denying his departure motion. This claim has been adjudicated and is now barred by the doctrine of res judicata, even under the limited exception to the doctrine, recognized in *Hayes*, on a motion to correct illegal sentence. Our Supreme Court made a similar decision in *Moncla*, 317 Kan. at 416. Moncla moved in 2013 to correct an illegal sentence on the grounds that the district court lacked subject matter jurisdiction to impose restitution, costs, and fees where those were not imposed in open court in his presence. 317 Kan. at 414. The motion was denied. Then, in 2019, Moncla made a new motion arguing that the district court lacked subject matter jurisdiction for the same impositions where it should have continued sentencing and resolved restitution within 30 days. The *Moncla* court found the second motion to correct illegal sentence barred by res judicata and that Moncla raised the same general claim where:

"In Moncla's view, the 2019 motion raises a new claim because he argues that the sentencing court should have ordered a continuance of his sentencing hearing and resolved restitution within 30 days. And in his 2013 motion, he argued only that the district court failed to set restitution while he was present. But both arguments go to the same claim—whether the district court's sentencing procedures deprived it of subject-matter jurisdiction to order restitution." 317 Kan. at 416.

In sum, we find that Frost's current motion and arguments on appeal boil down to the general claim that the district court did not comply with K.S.A. 2010 Supp. 21-4643(d) when denying his motion for a departure sentence. This court has already found that Frost is trying to resurrect a claim that has been adjudicated and is barred by the doctrine of res judicata in *Frost II*, 2020 WL 2296948, at *3-4. Frost provides no compelling reason for this court to depart from its previous decision. As a result, we conclude the district court did not err in summarily denying Frost's current motion to correct illegal sentence as barred by the doctrine of res judicata.

Affirmed.